**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-60448**

SHANTAY FLETCHER

       Plaintiff,

vs.

PHARMCO, LLC, a Florida Limited Liability
Company d/b/a PharmCo Rx.

       Defendant.

_____/

## <u>COMPLAINT</u>

The Plaintiff, SHANTAY FLETCHER, by and through her undersigned counsel hereby

files her Complaint against the Defendant, PHARMCO, LLC, doing business as PharmcoRx and

in support thereof states as follows:

### <u>Jurisdiction and Venue</u>

1.     This is an action for damages and equitable relief for violations of Title VII of the

Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.) and seeks to remedy unlawful discrimination,

sexual harassment, hostile work environment, and retaliatory behavior on the part of the

Defendant's management.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as this case arises

under federal law.

3.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)

as the events giving rise to this action occurred in this district, and the Defendant conducts business

in this district.

**The Parties**

4.      The Plaintiff, SHANTAY FLETCHER, is an individual who resides in Fort Lauderdale, Florida, in Broward County, Florida, and is sui juris.  The Defendant was employed in Broward County, during the timeframe complained of in this Complaint.

5.      The Defendant, PHARMCO, LLC, doing business as PharmcoRx, is incorporated in the state of Florida. It operates as a subsidiary of Progressive Care Inc.  PharmCo, LLC operates and owns a pharmacy located at 400 Ansin Blvd., Suite A, Hallandale Beach, FL 33009, of which the Plaintiff was employed as a pharmacy technician.

6.      The Defendant, PHARMCO LLC, doing business as PharmcoRX is a business entity operating in Florida and employs more than fifteen (15) employees, making it an employer under Title VII.

**Factual Allegations**

7.      Beginning in or around July 2023, Plaintiff who is a female, was subjected to repeated and unwanted sexual harassment by her direct supervisor while employed by Defendant.

8.      At the time the conduct occurred, the Plaintiff was employed by the Defendant as a pharmacy technician.

9.      The supervisor made inappropriate sexual comments to Plaintiff, touched her inappropriately, and repeatedly asked her out on dates.

10.      The supervisor made statements to other employees about Plaintiff, including that she "sounded good on the phone" and "looked even better in person."

11.      This harassment persisted for several months and created a hostile work environment.

2

12.     In or around September or October 2024, Plaintiff confronted her supervisor, named Frantz Baptiste, advising him that she did not appreciate his inappropriate sexual comments, advances, and workplace discussions about her.

13.     In response, the supervisor dismissed Plaintiff's concerns and suggested that she needed to change her attitude.

14.     Following her complaint, the supervisor retaliated against Plaintiff by subjecting her to undue criticism, calling her to his desk multiple times a day, referring to her as "69" (referencing a sexual act), instead of her name, and making inappropriate comments to her about other female employees.

15.     The supervisor also instructed male coworkers not to speak to Plaintiff.

16.     Plaintiff reported the ongoing sexual harassment and hostile work environment to Defendant's management, including its Chief Executive Officer.

17.     Despite these complaints, Defendant failed to take corrective action and allowed the harassment to continue.

18.     Instead of addressing Plaintiff's concerns, the Defendant began to retaliate against her by issuing unwarranted disciplinary write-ups, and falsely claiming she had an "attitude problem."

19.     The unlawful employment practices continued as Defendant engaged in a pattern of behavior designed to undermine and retaliate against Plaintiff for her complaints.

20.     On April 30, 2024, Defendant terminated Plaintiff's employment in retaliation for her complaints of harassment and discrimination.

3

21.     On May 6, 2024, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

22.     On December 23, 204, the EEOC issued a Right to Sue letter.

23.     This lawsuit is timely filed within 90 days of receiving the Right to Sue letter.

24.     Any and all conditions precedent have been met or otherwise waived.

25.     The Plaintiff has been forced to hire the undersigned law firm and is now responsible for their attorney's fees and costs.

### COUNT I - SEXUAL HARASSMENT (VIOLATION OF TITLE VII)

26.     Plaintiff incorporates by reference paragraphs 1-25 as if fully stated herein.

27.     The Defendant, by and through its agent and supervisor, engaged in unlawful employment practices prohibited by Title VII, including sexual harassment.

28.     The sexual harassment was unwelcome, pervasive, and sufficiently severe to alter the conditions of Plaintiff's employment.

29.     The Defendant had actual and constructive notice of the harassment but failed to take corrective action.

30.     The Defendant, as the Plaintiff's employer, is vicariously liable for the actions of a supervisor when the harassment results in a tangible employment action, including but not limited to unwarranted disciplinary write-ups, increased scrutiny, and ultimately the termination of Plaintiff's employment. These adverse actions materially affected Plaintiff's employment conditions and constituted significant changes to her job status.

4

31.     Additionally, the Defendant is directly liable for failing to take corrective action after being placed on notice of the harassment, allowing it to continue, and fostering a work environment where such conduct was tolerated.

32.     The Defendant is also liable under the doctrine of Respondeat Superior, as the supervisor acted within the scope of his employment and used his authority to harass Plaintiff.  The supervisor's discriminatory actions were enabled by his authority as a representative of the Defendant, and his conduct was undertaken in furtherance of Defendant's business by exercising control over Plaintiff's employment conditions.

33.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damage, including emotional distress, lost wages, and other economic losses and non-economic losses.

34.     The Plaintiff seeks compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

WHEREFORE, the Plaintiff, SHANTAY FLETCHER, respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Declaration that Defendant's conduct violated Title VII;

b. Compensatory damages for lost wages, benefits, and emotional distress;

c. Punitive damages as allowed by law;

d. Back pay and front pay as equitable relief;

e. Attorneys' fees and costs of litigation;

f. Prejudgment and post-judgment interest; and

g. Any other relief this Court deems just and proper.

5

SASSON LAW FIRM
2500 NORTH MILITARY TRAIL SUITE 240
BOCA RATON, FLORIDA 33431
TELEPHONE: (561)246-5085

## COUNT II - HOSTILE WORK ENVIRONMENT (VIOLATION OF TITLE VII)

35.     Plaintiff incorporates by reference paragraphs 1-25 as if fully stated herein.

36.     The Defendant, by and through its agent and supervisor, engaged in unlawful employment practices prohibited by Title VII, including creating a hostile work environment.

37.     The harassment and discrimination were severe and pervasive, making it difficult for Plaintiff to perform her job duties and altering the conditions of her employment.

38.     The Defendant had actual and constructive notice of the hostile work environment, but failed to take corrective action.

39.     The Defendant is also vicariously liable because the harassment resulted in tangible employment actions, including but not limited to unwarranted disciplinary write-ups, increased scrutiny, and ultimately the termination of Plaintiff's employment. These adverse actions materially affected Plaintiff's employment conditions and constituted significant changes to her job status.

40.     Defendant is also liable under Respondeat Superior, as the supervisor's actions were enabled by his position of authority, and Defendant ratified the hostile work environment by failing to take corrective action despite knowledge of the misconduct.

41.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages, including emotional distress, lost wages, and other economic and non-economic losses.

42.     WHEREFORE, the Plaintiff, SHANTAY FLETCHER, respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Declaration that Defendant's conduct violated Title VII;

b. Compensatory damages for lost wages, benefits, and emotional distress;

6

c. Punitive damages as allowed by law;

d. Back pay and front pay as equitable relief;

e. Attorneys' fees and costs of litigation;

f. Prejudgment and post-judgment interest; and

g. Any other relief this Court deems just and proper.

## COUNT III - GENDER DISCRIMINATION (VIOLATION OF TITLE VII)

43.    The Plaintiff incorporates paragraphs 1-25 as if fully stated herein by reference paragraphs.

44.    Plaintiff's supervisor discriminated against her based on her gender by engaging in inappropriate sexual harassment, treating her differently from her male colleagues, and creating a discriminatory work environment.

45.    After Plaintiff reported the discrimination, the Defendant, itself, by and through its authorized representatives, engaged in discriminatory actions by failing to take corrective measures, subjecting the Plaintiff to unwarranted disciplinary actions, increased scrutiny, and ultimately terminating her employment.

46.    The Defendant is also vicariously liable for the actions of the Plaintiff's direct supervisor, Frantz Baptiste, as the discrimination resulted in a tangible employment action, including but not limited to unwarranted disciplinary write-ups, increased scrutiny, and ultimately the termination of Plaintiff's employment. These adverse actions materially affected Plaintiff's employment conditions and constituted significant changes to her job status.

**SASSON LAW FIRM**
2500 NORTH MILITARY TRAIL SUITE 240
BOCA RATON, FLORIDA 33431
TELEPHONE: (561)246-5085

47.     Additionally, the Defendant is directly liable for failing to take corrective action after being placed on notice of the discrimination, by allowing it to continue, and fostering a work environment where such conduct was tolerated.

48.     Moreover, the Defendant is also liable under the doctrine of Respondeat Superior, as the supervisor acted within the scope of his employment and used his authority to discriminate against the Plaintiff.  The supervisor's discriminatory actions were enabled by his authority as a representative of the Defendant, and his conduct was undertaken in furtherance of Defendant's business by exercising control over Plaintiff's employment conditions.

49.     Additionally, Defendant failed to take corrective action, thereby ratifying and allowing the discriminatory conduct to continue, as the supervisor acted within the scope of his employment and misused his position of authority to discriminate against Plaintiff.

50.     The supervisor's authority enabled his discriminatory conduct, and Defendant failed to exercise reasonable care to prevent or correct it, making it liable for his actions.

51.     The Defendant's own discriminatory actions include; issuing false disciplinary actions, treating Plaintiff differently than male employees, unlawfully terminating the Plaintiff, and fostering an environment where gender-based discrimination was tolerated.

52.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages and emotional distress.

53.     The Plaintiff seeks compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

WHEREFORE, the Plaintiff, SHANTAY FLETCHER, respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

8

a. Declaration that Defendant's conduct violated Title VII;

b. Compensatory damages for lost wages, benefits, and emotional distress;

c. Punitive damages as allowed by law;

d. Back pay and front pay as equitable relief;

e. Attorneys' fees and costs of litigation;

f. Prejudgment and post-judgment interest; and

g. Any other relief this Court deems just and proper.

## COUNT IV - RETALIATION (VIOLATION OF TITLE VII)

54. The Plaintiff incorporates paragraphs 1-25 as if fully stated herein by reference paragraphs.

55. The Plaintiff engaged in protected activity by reporting sexual harassment and discrimination to Defendant's management, including its Chief Executive Officer.

56. Following the Plaintiff's complaints, the Defendant, instead of taking corrective action, retaliated against her by subjecting her to increased scrutiny, unwarranted disciplinary write-ups, and ultimately terminating her employment.

57. The Defendant's retaliatory conduct violated Title VII and 42 U.S.C. § 2000e-3(a), which prohibits employers from retaliating against employees who oppose unlawful employment practices.

58. The Defendant is also liable under the doctrine of Respondeat Superior, as the individuals engaging in retaliation acted within the scope of their employment and exercised control over Plaintiff's work conditions.

9

59.     The Defendant's retaliatory actions were intentional and reckless, and it failed to take remedial measures despite Plaintiff's complaints.

60.     As a direct and proximate result of the Defendant's unlawful retaliation, the Plaintiff has suffered damages, including lost wages, emotional distress, and other economic and non-economic losses.

WHEREFORE, the Plaintiff, SHANTAY FLETCHER, respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Declaration that Defendant's conduct violated Title VII;

b. Compensatory damages for lost wages, benefits, and emotional distress;

c. Punitive damages as allowed by law;

d. Back pay and front pay as equitable relief;

e. Attorneys' fees and costs of litigation;

f. Prejudgment and post-judgment interest; and

g. Any other relief this Court deems just and proper.

**SASSON LAW FIRM**
2500 NORTH MILITARY TRAIL SUITE 240
BOCA RATON, FLORIDA 33431
TELEPHONE: (561)246-5085

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable

Date: March 10, 2025

Respectfully Submitted,

/s/ Jamie Alan Sasson
Jamie Alan Sasson
Fla Bar #10802
Garrett Kesl
Fla Bar #124756
SASSON LAW FIRM
2500 North Military Trail Suite 240
Boca Raton, Florida 33431
jamie@sassonlawfirm.com
Telephone: 561-246-5085
*Attorneys for the Plaintiff*

11